**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TAMI HARRISON, | No.  19-16339 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-01547-JSW |
| v. | |
| FACEBOOK, INC., a Delaware corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted August 12, 2020**
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Tami Harrison appeals the district court's dismissal of her action for direct copyright infringement.  The parties are familiar with the facts, so we do not repeat them here.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

To establish a prima facie case of direct copyright infringement, a plaintiff must (1) "show ownership of the allegedly infringed material" and (2) "demonstrate that the alleged infringers violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *Perfect 10 v. Giganews*, 847 F.3d 657, 666 (9th Cir. 2017) (quoting *A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001)). Exclusive rights granted to copyright holders include the right to "reproduce" and "display" the copyrighted work. 17 U.S.C. § 106(1), (5). A claim for direct infringement also requires the plaintiff to show "volitional conduct" or "causation" by the defendant. *Perfect 10*, 847 F.3d at 666.

Harrison has failed to allege that Facebook engaged in any volitional conduct that would give rise to a claim for direct copyright infringement. *Id.* at 668 ("The evidence does not demonstrate that Giganews—as opposed to the user who called up the images—caused the images to be displayed."). Harrison or her agent uploaded her copyrighted works to Facebook. Harrison has alleged only that Facebook passively hosted the content and failed to remove it when Harrison was unable to follow Facebook's procedures for removal.

Harrison or her agent also consented to Facebook's terms of service when the content was uploaded. By doing so, she or her agent gave Facebook a license to display the copyrighted works. That license expires only when the user deletes the images or the entire Facebook account—neither of which Harrison has done.

Facebook therefore retains a license to display Harrison's copyrighted works.

**AFFIRMED.**